# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 14 CR 10 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| PRECIOUS W. HOUSE, et al. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendants Precious W. House, Brian K. Hughes, and Murchael O. Turner have been charged in a seven-count Superseding Indictment for their roles in a purported scheme to defraud credit unions by submitting fraudulent applications for automobile loans. House is charged with six counts of bank fraud in violation of 18 U.S.C. § 1344, as well as one count of making false statements in a loan application in violation of 18 U.S.C. § 1014; Hughes is charged with three counts of bank fraud and one count of making false statements in a loan application; and Turner is charged with one count of bank fraud. The Superseding Indictment also contains a forfeiture allegation. In anticipation of the upcoming jury trial, the Government has filed Consolidated Motions *in Limine*. (Dkt. No. 189.) Defendants declined to respond to the Government's motions either in writing or at the final pretrial conference. As explained below, the Court grants the motions *in limine* in part and reserves ruling on the remainder.

## LEGAL STANDARD

Trial courts have broad discretion in ruling on evidentiary issues before trial. *Jenkins v. Chrysler Motors, Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "Trial courts issue rulings on motions *in limine* to guide the parties on what evidence it will admit later in trial." *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Accordingly, "[a]lthough the Federal Rules of

Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). As a trial progresses, however, the Court remains free to alter earlier rulings. *Perry*, 733 F.3d at 252 (citing *Luce*, 469 U.S. at 41-42). "Furthermore, the court may defer ruling on a motion *in limine* until trial if the parties' arguments 'cannot be evaluated accurately or sufficiently . . . in such a procedural environment.'" *United States v. Mandell*, No. 12 CR 842, 2014 WL 464226, at *2 (N.D. Ill. Feb. 3, 2014) (quoting *Jonasson v. Lutheran Child & Family Servs*, 115 F.3d 436, 440 (7th Cir. 1997)).

## DISCUSSION

### I.       Motion to Bar Self-Serving, Out-of-Court Statements

The Government first moves to bar the introduction of self-serving, out-of-court statements made by the Defendants to one another, to the individuals acquiring loans, or to the case agents. (Mot. at 1-5, Dkt. No. 189.) At the final pretrial hearing, the Government clarified that it primarily seeks to exclude testimony regarding statements made by Defendants to case agents. The motion is granted to the full extent consistent with the Federal Rules of Evidence. Defendants will be precluded from introducing evidence, testimony, or arguments regarding their own out-of-court statements unless they can identify an applicable exception to the hearsay rule under the Federal Rules of Evidence that would permit such statements to be admitted. *See, e.g., United States v. Davenport*, 929 F.2d 1169, 1175 (7th Cir. 1991) (exculpatory hearsay statements are not admissible at trial unless they may come in through an exception to the hearsay rule).

### II.    Motion to Allow Admission of Recorded Conversation with Confidential Informant

The Government next asks the Court to allow admission of a consensually recorded conversation between a confidential informant ("CI") and Hughes without calling the CI to

testify at trial. (Mot. at 5-8, Dkt. No. 189.) The Court provisionally grants the Government's motion and will allow this conversation to be introduced into evidence, subject to the requirement that the Government lay an appropriate foundation pursuant to Federal Rule of Evidence 901. *See United States v. Collins*, 715 F.3d 1032, 1035-38 (7th Cir. 2013) (recorded conversation is admissible into evidence where proper foundation has been laid, notwithstanding the fact that neither party to the conversation testified as to accuracy or trustworthiness of the recording). "The government may meet this burden by offering evidence establishing the tape's chain of custody or the testimony of an eyewitness that the recording accurately reflects the conversation that he or she witnessed or evidence establishing the chain of custody." *United States v. Emerson*, 501 F.3d 804, 813-14 (7th Cir. 2007). The proffered testimony from FBI Special Agent Paul Dobrovits or Katherine Walker set forth in the Government's motion would meet the requirement.

### III.     Motion to Preclude Defendants from Requesting or Commenting on Discovery in the Presence of the Jury

The Government also seeks to preclude Defendants from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. (Mot. at 8, Dkt. No. 189.) This Court agrees that such conduct would be improper. *See, e.g., United States v. Mandell*, No. 12 CR 842, 2014 WL 287520, at *3 (N.D Ill. Jan. 27, 2014); *United States v. Brown*, No. 08 CR 1009, 2011 WL 43038, at * 15  (N.D. Ill. Jan. 6, 2011); *United States v. Quinones*, 02 CR 924-3, 2003 WL 22697503, at *3 (N.D. Ill. Nov. 13, 2003). Thus, the motion is granted. Both Defendants and the Government will be required to notify the Court of any additional discovery requests outside the presence of the jury.

**IV.** **Motion to Preclude Argument or Evidence Designed to Elicit Jury Nullification**

Next, the Government seeks to bar any argument or evidence designed to elicit jury nullification. (Mot. at 8-11, Dkt. No. 189.) Jury nullification occurs when a jury acquits a criminal defendant even though it has found that the Government has met its burden of proof. *See United States v. Rainone*, No. 09 CR 206, 2013 WL 389004, at *1 (N.D. Ill. Jan. 31, 2013). The Seventh Circuit instructs that "[n]either the court nor counsel should encourage jurors to exercise [nullification] power" and the Court may preclude defense attorneys from any attempts to present evidence or argument in favor of nullification. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). Accordingly, the Court will bar the following: (1) evidence or argument regarding the potential penalties Defendants face if convicted, *see Shannon v. United States*, 512 U.S. 573, 579 (1994); (2) evidence or argument about the impact of the trial or possible conviction upon any of Defendants' family members, *see United States v. D'Arco*, No. 90 CR 1043, 1991 WL 264504, at *4 (N.D. Ill. Oct. 18, 1991); and (3) evidence offered by Defendants of any lawfulness or non-criminal conduct, except reputation or opinion evidence offered by character witnesses pursuant to Federal Rule of Evidence 405(a), *see United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985). Furthermore, to the extent any Defendant seeks to introduce evidence of specific incidents of conduct pursuant to Federal Rule of Evidence 405(b), that Defendant should first inform the Court outside of the presence of the jury.

The Court also grants the Government's motion to the extent it asks the Court to bar defense counsel from introducing evidence or argument regarding the Government's and the agents' motivations for investigating or prosecuting the case, or claims of selective prosecution. *See United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994). However, the Government's motion is denied to the extent that it might be construed to preclude Defendants from making

inquiries into animus or bias during cross-examination. *See United States v. Salem*, 578 F.3d 682, 686 (7th Cir. 2009) ("Proof of bias or motive to lie is admissible impeachment evidence."). *See also, e.g., United States v. Boender*, No. 09 CR 186-1, 2010 WL 811296, at *4 (N.D. Ill. Mar. 3, 2010).[1] This ruling also does not preclude Defendants from fully cross-examining any cooperators or Government witnesses about penalties that such witnesses may face and benefits they have received from the government, including whether they were immunized or promised leniency.

## V.      Motion to Preclude Improper Impeachment Questioning or Evidence

The Court also grants the Government's motion to preclude Defendants from introducing at trial, or during the cross-examination of witnesses, improper impeachment questioning or evidence. (Mot. at 13-15, Dkt. No. 189.) To the extent defense counsel wishes to introduce impeachment evidence or to impeach witnesses on cross-examination, they will be expected to comply with the Federal Rules of Evidence, including but not limited to Rules 608(b) and 611.

## VI.    Motion to Preclude Any Purported Expert Testimony

The Government next seeks to preclude Defendants from offering any purported expert testimony at trial. (Mot. at 15, Dkt. No. 189.) Under Federal Rule of Criminal Procedure 16(b)(1)(C), a criminal defendant is required to disclose certain expert testimony to the Government upon request. The Government represents that it requested expert discovery from Defendants pursuant to the rule but did not receive anything. In response to the Government motion, Defendants still have not indicated any intent to offer expert testimony. As Defendants

---

[1] The Government cites several cases in support of its contention that inquiries into bias or misconduct by the Government misconduct are inadmissible. However, these cases are inapposite. In *United States v. Infelise*, No. 90 CR 87, 1991 WL 251651, at *2 (N.D. Ill. Nov. 19, 1991), the court noted that it had granted the defendants leeway to ask on cross-examination "questions which [we]re designed to show the bias of particular government agents toward particular defendants." *Id.* at *1. And in *Goulding*, the Seventh Circuit noted that during his trial, the criminal defendant "was not . . . prevented from cross-examining any witnesses regarding an animus against him." 26 F.3d at 667.

have not disclosed any expert testimony, they will be precluded from offering any such testimony at trial. The motion is granted.

## VII.    Evidence or Arguments Alleging Alibi, Unavailability, Mental Defect, Defense of Public Authority, Necessity, Coercion, or Entrapment

Finally, the Government asks this Court to preclude Defendants from offering evidence or arguments alleging alibi, unavailability, mental defect, defense of public authority, necessity, coercion, or entrapment. (Mot. at 15-16, Dkt. No. 189.) The Federal Rules of Criminal Procedure require criminal defendants to provide the Government with notice of: (1) any alibi or similar defense the defendants intend to raise, including any defense asserting the defendants' unavailability on or near the dates named in the indictment; (2) any defense of a mental defect inconsistent with the state of mind required for the offense charged; and (3) any defense of public authority. Fed. R. Crim. P. 12.1, 12.2, 12.3.  Defendants have not provided any such notice; and thus the Government's motion is granted with respect to those defenses.

The entrapment defense is a different matter. As a prerequisite for presenting the defense of entrapment to the jury, a criminal defendant may be required to produce *prima facie* evidence demonstrating a viable entrapment issue. *See United States v. Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999). There is no requirement that such a showing be made prior to trial, however. *Id.* at 280. The Court reserves ruling on this aspect of the Government's motions until such time as one of the Defendants seeks to present an entrapment defense to the jury. Defendants are advised that prior to raising an entrapment defense, a Defendant will be required to produce sufficient evidence upon which a rational jury could infer that he was entrapped or make a proffer of such evidence to the Court outside of the jury's presence.

**CONCLUSION**

For the foregoing reasons, the Government's Consolidated Motions *in Limine* are granted in part.

Dated: March 6, 2015

_____
Andrea R. Wood
United States District Judge

7